NEWMAN, Circuit Judge,
dissenting in part, concurring in the judgment.
I agree with the court’s conclusion, but write separately to state my disagreement with the ruling that “the trial court exceeded its authority when it ordered Commerce to reopen the record and admit the documents in this case.” Op. at 1277. Surely it is within the authority of the trial court to assure, in its sound discretion, that the record includes the documents here at issue, documents that were in the possession of the trial court and the agency from a prior review, and that concededly are relevant. Such a discretionary instruction, serving to enlarge the agency record on the specific point at issue, is not appropriate for appellate revocation.
I do not condone the provision of misinformation by Essar Steel. However, the action of the Court of International Trade to assure that this potentially correct information is before the agency was not an improper action. Although my colleagues deplore “allowing] constant reopening and supplementation of the record,” op. at 1277, here there was one reopening and supplementation, not “constant.” In Borlem S.A.-Empreedimentos Industriais v. United States, 918 F.2d 938, 937 (Fed.Cir.1990) this court observed that “deference is not owed to a determination that is based on data that the agency [knows to be] incorrect. The law does not require, nor would it make sense to require, reliance on data which might lead to an erroneous result.” The Court of International Trade’s observation that “Commerce’s determination in the sixth administrative review that Essar did not benefit from the Chhattisgarh Industrial Policy, and the Department’s concurring admissions during oral argument, cast grave doubt upon the present findings,” 721 F.Supp.2d at 1300, surely supports entry of these documents into the record for this review. The Court of International Trade did not exceed its authority, in requiring Commerce to receive this evidence into the record.
The Court of International Trade acted within its authority for agency review. See, e.g., Rhone Poulenc, Inc. v. United States, 880 F.2d 401, 402 (Fed.Cir.1989) (28 U.S.C. § 1585 confers upon the Court of International Trade “all the necessary remedial powers in law and equity possessed by other federal courts established under Article III of the Constitution”); Borlem, 913 F.2d at 936-937 (“The Court of International Trade has broad authority under 28 U.S.C. § 2643(c)(1) to require the Commission to reconsider its actions.”).
Of course, I do not propose that Commerce must always receive additional in *1280 formation. However, when the trial court so requires, within its discretionary authority, it is not a “usurpation of agency power” for the court to exercise its statutory obligations. Even were this court to believe that the Court of International Trade was unduly tolerant of Essar’s misstatements during Commerce’s investigations, this benevolence does not warrant appellate discipline. From the panel’s determination that the trial court exceeded its authority, I respectfully dissent.